CHIEF OF POLICE, HARTFORD POLICE DEPARTMENT *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(AC 17516)

Spear, Hennessy and Daly, Js.

Argued October 28, 1998—officially released February 23, 1999

*Ivan A. Ramos*, assistant corporation counsel, with whom, on the brief, was *Kevin G. Dubay*, corporation counsel, for the appellant (plaintiff).

*Victor R. Perpetua*, appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman*, general counsel, for the appellee (named defendant).

*Mary-Michelle U. Hirschoff* filed a brief for the Connecticut Conference of Municipalities as amicus curiae.

*Opinion*

SPEAR, J. The plaintiff chief of police of the Hartford police department appeals from the judgment of the trial court dismissing his appeal from the decision of the freedom of information commission (commission). The plaintiff sought a review of the commission's decision ordering the plaintiff to disclose documents relating to an internal affairs investigation. We affirm the decision of the trial court.

The following facts are undisputed. On February 9, 1995, attorney Terence P. Sexton made a request under the Freedom of Information Act (act); General Statutes (Rev. to 1997) § 1-7 et seq.; that required the plaintiff to disclose "all documents, reports and memoranda concerning any Internal Affairs or Patrol Operations Division investigations relating to Officer Raymondo Diaz." That request was denied. On February 24, 1995, Sexton

filed an action in the United States District Court on behalf of Carmen Delia Soto against the city of Hartford and Diaz for alleged violations of her civil rights. During the course of the federal action, Sexton sought the same information as requested from the plaintiff through discovery proceedings in the federal court action.

Following a hearing on the merits, the commission issued its final decision on May 17, 1996, ordering disclosure of all of the documents in question. In particular, the commission ordered that the plaintiff "strictly comply with the public records requirements set forth in [General Statutes] §§ 1-15 and 1-19 (a)." Pursuant to General Statutes §§ 1-21i (d) and 4-183, the plaintiff appealed to the Superior Court from the commission's decision. While the appeal was pending, the underlying federal action was settled and withdrawn. The trial court, nevertheless, addressed the issues raised by the parties and, concluding that § 1-19b (b) (1) did not bar access to public records under the facts in the present case, dismissed the appeal. From that dismissal, the plaintiff has appealed to this court.

I

As a preliminary matter, we must address the question of whether the issue before us is moot. The underlying action in federal court has been settled and withdrawn, and, in addition, the plaintiff has produced all documents originally requested.

Mootness implicates the jurisdiction of this court to hear an appeal. *Domestic Violence Services of Greater New Haven, Inc.* v. *Freedom of Information Commission,* 240 Conn. 1, 6, 688 A.2d 314 (1997). Our Supreme Court has stated, however, that when an order of the commission is prospective in nature and involves a continuing obligation to comply, an appeal is not moot, even though the underlying action may have been settled or withdrawn. Id., 8–9. The present case involves

just such a prospective order, which stated that the plaintiff "shall strictly comply with the public records requirements set forth in §§ 1-15 and 1-19 (a)."[1] Because the plaintiff is subject to a prospective order of the commission, we conclude that the case before us is not moot.

## II

Turning to the merits of the appeal, the plaintiff claims that § 1-19b (b) (1) provides an exemption from disclosure under the act if the same records have also been sought through the use of the discovery process in civil litigation. We disagree.

Our analysis is guided by our Supreme Court's consistent interpretation of the act to favor disclosure and to construe exceptions to disclosure narrowly. See, e.g., *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, 240 Conn. 835, 840, 694 A.2d 1241 (1997); *Gifford* v. *Freedom of Information Commission*, 227 Conn. 641, 651, 631 A.2d 252 (1993); *Superintendent of Police* v. *Freedom of Information Commission*, 222 Conn. 621, 626, 609 A.2d 998 (1992).

General Statutes § 1-19b (b) provides in relevant part that "[n]othing in sections 1-15, 1-18a, 1-19 to 1-19b . . . shall be deemed in any manner to (1) . . . limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state . . . ." The plaintiff claims that allowing the defendant

---

[1] General Statutes § 1-15 (a) provides in relevant part: "Any person applying in writing shall receive, promptly upon request, a plain or certified copy of any public record. . . ."

General Statutes § 1-19 (a) provides in relevant part: "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-15. . . ."

or others in a similar situation to obtain documents not otherwise discoverable in a civil action would effectively limit *his* rights as a litigant to the protections found in the laws of discovery of this state. In essence, the plaintiff argues that the laws of discovery should limit the rights of litigants under the act. We decline to adopt this reasoning.

The right of a litigant to discovery is primarily the right to obtain information. Practice Book § 13-2 provides in relevant part: "In any civil action . . . where the judicial authority finds it reasonably probable that evidence outside the record will be required, a party may obtain in accordance with the provisions of this chapter discovery of information or disclosure, production and inspection of papers, books or documents material to the subject matter involved in the pending action, which are not privileged, whether the discovery or disclosure relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. . . ." The discovery rules are designed to facilitate trial proceedings and to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States* v. *Procter & Gamble*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958); *Perry* v. *Hospital of St. Raphael*, 17 Conn. App. 121, 123, 550 A.2d 645 (1988); *Perez* v. *Mount Sinai Hospital*, 7 Conn. App. 514, 519, 509 A.2d 552 (1986). A successful objection to a discovery request does not create an independent right in the objecting party to withhold information. It is merely a limit on the *requesting party's right to obtain the information* in that court proceeding.

Our Supreme Court previously analyzed an earlier version of § 1-19b (b) (1) that precluded any disclosure

pursuant to the act that would affect the discovery rights of litigants. In *Gifford* v. *Freedom of Information Commission*, supra, 227 Conn. 663–65, our Supreme Court held that an arrest report did not have to be disclosed to the public, pursuant to the act, while criminal prosecution relating to that arrest report was pending. It found that disclosure of the arrest report would expand the rights of the defendant under the laws of discovery and thereby "would *affect* the rights of litigants under the laws of discovery . . . ." (Emphasis added.) Id., 663–64.

The term "affect" was changed to "limit" in § 1-19b (b) (1) in 1994 by the enactment of No. 94-26 of the 1994 Public Acts. The revised statute precludes disclosure pursuant to the act that would "limit the rights of litigants . . . under the laws of discovery of this state." General Statutes § 1-19b (b) (1). The prior term, affect, is derived from the Latin word affectus meaning "acted upon or subjected to." Random House Unabridged Dictionary (2d Ed. 1993). It means "to act on; produce an effect or change in." Id. As our Supreme Court explained in *Gifford*, a disclosure pursuant to the act then in effect could expand discovery rights and could reasonably be interpreted as affecting the rights of litigants under the laws of discovery of the state. The term limit, however, is not susceptible to the same interpretation. Limit is derived from the middle English word lymyt, which has its roots in the Latin word limes, meaning boundary. Id. It means "to restrict" or "to confine." Id. Where more information is available to a litigant by way of a request pursuant to the act than by discovery, that litigant's discovery rights have been expanded rather than limited.

We conclude that "to limit the rights of litigants . . . under the laws of discovery of this state" should be

interpreted as prohibiting the use of the act to restrict the rights of parties seeking information through discovery. Similarly, an exemption from production under the act, in and of itself, does not preclude a litigant from obtaining the same documents through discovery. See *Board of Education* v. *State Board of Labor Relations*, 190 Conn. 235, 245, 460 A.2d 1255 (1983). The act and our rules of discovery provide independent methods for obtaining information, except where disclosure pursuant to the act would limit the discovery rights of litigants.

The judgment is affirmed.

In this opinion the other judges concurred.