[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal is brought pursuant to General Statutes §§1-21i(d) and 4-183. The plaintiff-appellant is the police chief of the City of Hartford, Joseph F. Croughwell, (Croughwell). The defendant-appellee is the Freedom of Information Commission ("FOIC").[1]
On February 14, 1995, pursuant to General Statutes §7-465, the law firm with which Attorney Stumo[2] was associated gave notice to the City that it represented Police Sergeant Edwin Garcia and intended to hold the City of Hartford and certain individuals responsible for claimed "illegal acts and resulting harm to Sergeant Garcia." (Return of Record [ROR], Item F.) CT Page 6475 Thereafter, that law firm commenced an action in the United States District Court for the District of Connecticut (Case No. 395CV00279AWT), on behalf of Garcia against the Department, Croughwell and others, claiming that Garcia was discriminated against in promotion. (ROR, Item F.) In the federal lawsuit in which Attorney Stumo represented Mr. Garcia, the plaintiff therein propounded discovery requests in the form of interrogatories and requests for production. (ROR: Items G, H.) The documents sought in these discovery requests included the names, addresses, test scores and ranking of all sergeants who took the 1994 Lieutenant's examination, and the questions asked on the 1994 Lieutenant's examination. Additionally, the discovery requests sought any records of internal affairs investigations into the conduct of the individuals who were promoted as a result of the Lieutenant's examination, any records of internal affairs investigations into the conduct of the named defendants and any disciplinary records of the named defendants in the lawsuit. In response to the discovery requests, the defendants responded to some and objected to others. Upon receiving the objections, Attorney Stumo wrote to Croughwell on behalf of the plaintiff, requesting pursuant to the Freedom of Information Act basically the same documents which had been the subject of the discovery requests objected to by the defendants in the federal lawsuit. (ROR, Item D.)
By letter dated July 6, 1995, Croughwell, the plaintiff herein, informed Attorney Stumo that he would not provide any documents because certain requested documents were not in the Department's custody and the remainder of the documents requested were exempt under General Statutes § 1-19 (b)(4). (ROR, Item E.) Finally, Croughwell claimed that "[t]he Freedom of Information Act does not provide for disclosure of documents pertaining to pending litigation nor does it provide access to records which can be obtained through discovery." (ROR, Item E.)
On July 14, 1995, Attorney Stumo filed an appeal with the FOIC, alleging that the exemption provided for in General Statutes § 1-19 (b)(4) does not apply. Nevertheless, Attorney Stumo additionally indicated that he would have no objection to the denial of disclosure if, in fact, the Department did not have possession of the requested testing information.
The FOIC appeal was heard on January 9, 1996 before Hearing Officer Berman. At this hearing, Attorney Stumo appeared and testified. Also at that hearing, representatives of Croughwell CT Page 6476 alleged that Attorney Stumo was evasive regarding his role in the litigation and in the proceeding before the FOIC. The FOIC did not take a position as to whether or not Attorney Stumo's conduct was ethical. Nevertheless, the FOIC does claim in the present proceedings that there was no misconduct by Attorney Stumo that would prevent him from obtaining the requested information. (Defendant's Brief, p. 26.)
Following the hearing, the hearing officer made proposed findings of fact and recommendations. (ROR, Item K.) On February 28, 1996, the Commission, after consideration of the record, issued its final decision, which contained findings of fact, conclusions of law and orders, portions of which are set forth as follows. (ROR, Notice of Final Decision.) "By letter dated July 6, 1995, the respondent informed the complainant that he could not provide him with any documents because: a) he did not have custody of the information as requested in paragraphs 2a(i) and 2a(iii), above; and b) the remainder of the documents requested were exempt under § 1-19 (b)(4), G.S., and because the Freedom of Information ("FOI") Act does not require disclosure of records which can be obtained through discovery." (ROR: finals decisive, Findings, paragraph 3.) "It is found that any documents in existence, which are responsive to the complainant's request, are public records within the meaning of §§ 1-18a(d) and 1-19(a), G.S." (ROR: Final Decision, Findings, paragraph 5.) "It is found that in the litigation described in paragraph 7, . . . the complainant filed discovery requests seeking the same records at issue in this matter, and that the respondent objected to the discovery requests." (ROR: Final Decision, Findings, paragraph 8.) "Prior to its amendment in 1994, § 1-19b(b)(1), G.S., provided that: `[n]othing in [the FOI Act] shall be deemed in any manner to . . . affect the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state.'" (Emphasis in original.) (ROR: Final Decision, Findings, paragraph 9.) "Section 1-19b(b)(1), G.S., now provides that: `[n]othing in [the FOI Act] shall be deemed in any manner to . . . limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state.'" (Emphasis in original.) (ROR: Final Decision, Findings, paragraph 10.) "Consequently, § 1-19b(b)(1), G.S. does not provide a bar to disclosure of public records in this case." (ROR: Final Decision, Findings, paragraph 11.) "It is concluded that the respondent violated the provisions of § 1-19 (a), G.S., by denying the complainant access to the requested records identified in paragraph 2a-c, above, which are in his CT Page 6477 possession." (ROR: Final Decision, Findings, paragraph 12.) The Commission has insufficient evidence to determine whether the records identified in paragraphs 2a(i) and 2a(iii), above, are maintained by the respondent." (ROR: Final Decision, Findings, paragraph 13.)
Upon those findings the Commission entered the following orders. "The respondent shall immediately search his files to determine whether he in fact maintains the records described in paragraphs 2a(i) and 2a(iii) of the findings. . . ." (ROR: Final Decision, Orders, paragraph 1.) "If the records described in paragraphs 2a(i) and 2a(iii) of the findings . . . are maintained by the respondent, he shall immediately provide the complainant with access to inspect, or copies of, such records." (ROR: Final Decision, Orders, Paragraph 2.) "If the records described in paragraph 2a(i) and 2a(iii) of the findings . . . are not maintained by the respondent, the respondent shall immediately execute an affidavit detailing the nature and extent of his search and stating that he does not maintain such records, which affidavit shall immediately be provided to the complainant upon completion." (ROR: Final Decision, Orders, paragraph 3.) "The respondent shall immediately provide the complainant with access to inspect, or copies of, the remainder of the records identified in paragraphs 2a-c of the findings. . . ." (ROR: Final Decision, Orders, paragraph 4.) "The respondent shall fulfill the terms of this order, as described in paragraphs 1 through 4 . . . no later than one week from the date of receipt of the Commission's final decision in this matter." (ROR: Final Decision, Orders, paragraph 5.) "Henceforth, the respondent shall strictly comply with the requirements of § 1-19 (a), G.S." (ROR: Final Decision, Orders, paragraph 6.)
The plaintiff timely appealed the Commission's decision. After numerous extensions, he filed his brief on October 29, 1996. On November 22, 1996, Attorney Stumo moved for the dismissal of the appeal on the basis that he had notified the FOIC that he did not need the requested information at this time. The Commission did not object to the matter being dismissed. Nevertheless, Croughwell objected, claiming that the issue was capable of repetition. See Sobocinski v. F.O.I.C., 213 Conn. 126,566 A.2d 703 (1989). Additionally, Croughwell objected because of the possible sanctions which could be imposed upon him pursuant to General Statutes § 1-21 k(b) if he failed to comply with paragraph 6 of the order. See Board of Pardons v. F.O.I.C.,210 Conn. 646, 650-51, 556 A.2d 1020 (1989). CT Page 6478
 LEGAL DISCUSSION
A. Aggrievement
The plaintiff must first plead and prove aggrievement in order to establish this court's jurisdiction over this appeal. "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party . . . must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Alterations in original.) Rose v. F.O.I.C.,221 Conn. 217, 230, 602 A.2d 1019 (1992).
Since the orders that are the subject of this appeal were directed to the plaintiff, this court finds that the plaintiff is aggrieved.
B. Timeliness
Pursuant to General Statutes § 1-21i(d), appeals from the FOIC are governed by General Statutes § 4-183, which provides that an appeal must be brought within 45 days after the mailing of the final decision. An affidavit detailing this timely and proper service was filed on April 15, 1996.
Since this court has found that the plaintiff is aggrieved and that this appeal was timely filed, this court has subject matter jurisdiction over this appeal.
C. Standard of Review
"Judicial review of [an administrative agency's] action is governed by [General Statutes § 4-1-83 (j)[3] . . . and the scope of that review is very restricted. . . . [A] trial court may [not] retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations omitted; internal quotation marks omitted.) Board of Education v. F.O.I.C., 208 Conn. 442, CT Page 6479 452, 454 A.2d 1064 (1988).
Nevertheless, this deferential standard does not apply to a "court's review of an agency's construction of a statute, which is a pure question of law, particularly when the question has not been subjected to prior judicial review. Connecticut Light Power Co. v. Texas-Ohio Power. Inc., 243 Conn. 635, 644,708 A.2d 202 (1998). Where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the [agency], it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service. Inc. v. Administrator. UnemploymentCompensation Act, 209 Conn. 381, 385-86, 551 A.2d 724 (1988).
The instant case deals with the construction of General Statutes § 1-19b(b)(1), as amended, which has never before been the subject of scrutiny by an appellate court.
D. Grounds for Appeal
The plaintiff bases his appeal upon four grounds. Two grounds can be classified as claimed exemptions from discovery pursuant to General Statutes § 1-19b(b)(1) and General Statutes §1-19 (b)(6). Next, the plaintiff claims that the ordered disclosure violates the Rules of Professional Conduct. Finally, the plaintiff claims that the provisions of the UAPA were not complied with.[4]
1. Exemptions from Discovery
On appeal to this court, the plaintiff claims that the requested records were exempt from disclosure pursuant to General Statutes § 1-19 (b)(1) and General Statutes § 1-19
(b)(6). Additionally, the plaintiff claims that "[t]he FOIC has, in effect, unilaterally, repealed C.G.S. § 1-19 (b)(1) by ignoring its plain language." (Plaintiffs Appeal, paragraph 14d.)[5]
a. Exemption Pursuant to General Statutes § 1-19 (b)(6)
General Statutes § 1-19 (b)(6) provides that "test CT Page 6480 questions, scoring keys and other examination data used to administer a licensing examination, examination for employment or academic examinations" is exempt from disclosure under the FOIA.
The plaintiff, in his appeal to this court and in his brief to the full Commission following the close of the evidentiary hearing, claims that the requested records are exempt from disclosure pursuant to General Statutes § 1-19 (b)(6). "[I]t is well established that the general rule under the [FOIA] is disclosure, and any exception to that rule will be narrowly construed in light of the general policy of openness expressed in the FOIA legislation The burden of proving the applicability of an exception to the FOLA rests upon the party claiming it. . . ." (Citation omitted; internal quotation marks omitted.) Ottochian v. Freedom of Information Commission,221 Conn. 393, 398, 604 A.2d 351 (1992).
The Commission claims that, because the plaintiff did not raise this issue until after the close of evidence, the exemption has been waived.
General Statutes § 4-179 allows the parties to an appeal under the Uniform Administrative Procedure Act (the UAPA) to file briefs responding to a proposed final decision, for the benefit of agency members who will render the final decision but have neither heard the evidence nor read the record. "The procedure required by § 4-179 specifically permits a party to file briefs and make oral arguments which would necessarily include legal claims." Holbrook v. F.O.I.C., Superior Court, judicial district of Hartford — New Britain at Hartford, Docket No. 563515 (April 9, 1997, MeWeeny, J.). "There is no reason to preclude a party from making a legal claim on the basis of the existing evidentiary record under § 4-179. A party may not introduce evidence before the full commission or successfully argue legal claims for which there is no evidentiary basis; however, a legal claim apparent from the record is appropriately argued pursuant to § 4-179." Id.
This court has reviewed the transcript of the evidentiary hearing before the hearing officer and finds the record devoid of any showing of evidence on the exemption claimed pursuant to General Statutes § 1-19 (b)(6). Thus, the Commission was justified in not addressing this claim. This court finds that the plaintiff has waived this claim by not producing any evidence on this exemption at the evidentiary hearing. Accordingly, the CT Page 6481 appeal is dismissed as to this ground.[6]
b. Exemption Pursuant to General Statutes § 1-19b(b)(1)
General Statutes § 1-19b(b)(1) provides, "[n]othing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and1-21 to 1-21k, inclusive, shall be deemed in any manner to (1) affect the status of judicial records . . ., nor to limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery in this state."[7]
Recently, in a case which is dramatically similar to the instant case, the Connecticut Appellate Court addressed this language and concluded that the language "`to limit the rghts of litigants . . . under the laws of discovery of this state' should be interpreted as prohibiting the use of the act to restrict the rights of parties seeking information through discovery. Similarly, an exemption from production under the act, in an of itself, does not preclude a litigant from obtaining the same documents through discovery. . . . The act and our rules of discovery provide independent methods for obtaining information, except where disclosure pursuant to the act would limit the discovery rights of litigants." (Citations omitted.) Chief ofPolice. Hartford Police Department v. Freedom of InformationCommission, 52 Conn. App. 12, 17-18, ___ A.2d ___ (1999). Therefore, the plaintiff is not shielded by the language of General Statutes § 1-19b(b)(1).
If this court were to determine that the requested materials were exempt pursuant to General Statutes § 1-19b(b)(1) under the facts of this case because the requested documents have been the subject of discovery in pending litigation, the court would create two classes of FOI applicants. The exemption from disclosure would apply to parties involved in litigation, while the policy favoring full disclosure would apply to applicants seeking the information for non-litigation purposes. The FOIA does not require that the Commission or this court embark upon an analysis of an applicants motive for requesting certain information. The Connecticut Appellate Court's decision on this issue clearly will not permit the discovery process to be used to restrict access to public records which are otherwise discoverable by parties who are not litigants. Accordingly, the appeal is dismissed as to this ground. CT Page 6482
2. Violation of Rules of Professional Responsibility
The plaintiff claims that Attorney Stumo's conduct violated of the Rules of Professional Conduct 4.2[8] and 4.3[9] in that, after his attempts to obtain certain discovery failed, he directly contacted Croughwell, a party whom Stumo knew was represented, and failed to identify his communication as "pursuant to an identified lawyer-client relationship, and one directly adverse to [Croughwell]." (Plaintiff's Brief, p. 31.)
The Commission declined to address this particular issue, determining that it had no jurisdiction to address this issue given the Commission's jurisdictional limits set forth in General Statutes § 1-21 (i)(b) and § 1-21j(d). (Defendant's Brief, p. 26.)
This court agrees with the Commission. If the plaintiff did take issue with Attorney Stumo's allegedly inappropriate communication, the plaintiff has other appropriate remedies. The plaintiff was undoubtedly aware that Attorney Stumo was also the attorney involved in the pending litigation, and the plaintiff chose to answer Attorney Stumo's request. Accordingly, the appeal is dismissed as to this ground.
E. Conclusion
This court finds that the Commission, in its review of the entire instant matter, did not act unreasonably, arbitrarily, illegally or in abuse of its discretion. Accordingly, for the foregoing reasons, the plaintiffs appeal is hereby ordered dismissed.
BY THE COURT:
McLACHLAN, J.