[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellees in these three consolidated administrative appeals move to dismiss the appeals on the ground of mootness.
The appellants, the Willimantic Police Department, its chief of police, and the Town of Windham, appeal from an adverse decision of the Freedom of Information Commission (FOIC). The FOIC held that it was a violation of the Freedom of Information Act, now G.S. Chapter 14, for the Willimantic police to withhold, temporarily' from public inspection a list of registered sex offenders while investigating the murder and sexual assault of an eleven year old child. The return of record discloses that the decision of the FOIC imposed no sanctions but found that the appellants violated the FOIA and ordered them to comply with that Act in the future (page 110).
The appellees, the FOIC, Paul Lewis, Fox 61 News, Mark Reynolds, the Norwich Bulletin, and Trenton Wright, Jr., contend that the enactment of Section 9 of P.A. 98-111, now G.S. §54-258, renders these appeals moot. That legislation repealed former G.S. § 54-102r which required certain sex offenders to register with the police authority for the town in which they resided. Under § 54-102r(g), registration information was exempt from public disclosure, but § 54-258 now provide expressly that sex offender registry data is a public record accessible through the Department of Public Safety by traditional means and through the Internet.
Mootness implicates subject matter jurisdiction. Twichell v.Guite, 53 Conn. App. 42, 51 (1999). A court cannot decide a case where no actual controversy exist or where no practical relief can flow from its decision. Sobocinski v. Freedom of InformationCommission, 213 Conn. 126, 135 (1989).
The appellees argue that, because the specific issue of CT Page 5698 whether a local police department can lawfully withhold sex offender registration information has been, for practical purposes, conclusively resolved by the passage of § 54-258, these appeals are moot. The court agrees that the enactment of § 54-258
eliminates the precise controversy which gave rise to the initial complaints to the FOIC. The court disagrees, however, with the conclusion that the unlikelihood of a recurrence of this particular conduct or issue moots the appeals.
When an FOIC order is prospective in nature, an appeal is not necessarily moot even though the underlying dispute has been resolved. Chief of Police v. Freedom of Information Commission,52 Conn. App. 12, 14 (1999). In the present cases, the final decision of the FOIC found that the appellants violated the FOIA and ordered future compliance. This finding and order may provide the predicate for the imposition of harsher sanctions if the appellants should find themselves the subject of an adverse FOIC ruling as to some other topic in the future. The appellants are entitled to attempts to rid themselves of the taint which could have such future ramifications.
For these reasons, the motions to dismiss the administrative appeals as moot are denied.
Sferrazza, J.