[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq., 4-183, the plaintiffs' appeal from a decision of the Freedom of Information Commission ("FOIC"). The plaintiffs are the First Selectman and certain employees of the Town of Ridgefield. The defendants are the FOIC and the individuals who initiated a complaint to the FOIC seeking documents from the Town of Ridgefield.
The case was initiated by the request of Scott Clark, Amy Kertesz, Michael Gates (all of whom are employed as police officers by the Town of Ridgefield) and the Ridgefield Police Union seeking performance appraisals for non-union Ridgefield employees. General Statutes § 1-214 (formerly § 1-20a) provides: "Whenever a public agency receives a request to inspect or copy records contained in any of its employees' personnel or medical files and similar files and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, the agency shall immediately notify in writing (1) each employee concerned. . . ." General Statutes § 1-214(b). Section 1-214(c) of the General Statutes provides that the agency shall disclose the records requested CT Page 9850 unless it receives a written objection from the employee concerned or the employee's collective bargaining representative. In this case, the Town of Ridgefield, in response to the request for the evaluations, notified the individual employees; sixteen of whom filed timely objections to the disclosure of the appraisals/evaluations.[1]
Section 1-214(c) of the General Statutes provides that: "Upon the filing of an objection as provided in this subsection, the agency shall not disclose the requested records unless ordered to do so by the Freedom of Information Commission pursuant to section 1-206."
The procedure outlined in § 1-214 as applied to this case, puts at issue the basic access of the public to public records and the statutory exemption set forth in § 1-210, specifically § 1-210(b)(2) (formerly § 1-19(b)(2))[2]
It is not disputed that the evaluations fall within the definition of public records contained in § 1-210(a), thus the issue is whether they are exempt pursuant to § 1-210(b)(2).
The application of this exemption to the evaluations requires the reconciliation of two decision of our Connecticut Supreme Court: Chairman v. Freedom of Information Commission,217 Conn. 193 (1991) and Perkins v. Freedom of Information Commission,228 Conn. 158 (1993). In Chairman, supra, the issue was the personal privacy exemption as applied to the personnel evaluation of the Waterbury Judicial District Chief State's Attorney by the State of Connecticut Chief State's Attorney. In Chairman, supra, the court determined that the evaluation was exempt under § 1-210(b)(2) (then § 1-19(b)(2)). In Perkins, supra, the court applied the same exemption to a request for public employee attendance records. In determining that such records were not covered by such exemption, the court, for the first time, established the standard by which the exemption is to be applied.
"Although this court has had previous occasions to apply the statutory exemption for `invasion of personal privacy' in the circumstances of a particular case; see, e.g., Chairman v.Freedom of Information Commission, supra, [217 Conn.] 198; we have not undertaken to articulate a comprehensive definition of what this phrase means. We have, in effect, imposed a burden of proof on a claimant for an exemption without providing guidelines CT Page 9851 as to what such a claimant must show in order to obtain relief from the general rule that public records are subject to public disclosure. The time has come to fill this void." Perkins v.Freedom of Information Commission, supra, 228 Conn. 169.
The court went on to adopt the tort standard for invasion of personal privacy. Specifically, the court held: "Informed by the tort standard, the invasion of personal privacy exception of § 1-19(b)(2) [now § 1-210(b)(2)] precludes disclosure, therefore, only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Perkins v. Freedom ofInformation Commission, supra, 228 Conn. 175
Once a public document has been identified as a personal, medical or similar file the inquiry then focuses on determining whether the documents pertain to legitimate matters of public concern. If the documents are of public concern they are disclosable and the inquiry need not continue further. If the documents do not pertain to legitimate matters of public concern then the exemption may still be applicable if their disclosure would be "highly offensive to a reasonable person." The essence of the plaintiffs' argument is that though concededly the documents substantively contain nothing of a salacious, scandalous offensive or even critical nature, the expectations of confidentiality in the evaluation process make the disclosure "highly offensive."
In making this claim, the plaintiffs take comfort with the language in Perkins which cites Chairman with approval: "The legislature has, furthermore, determined that disclosures relating to the employees of public agencies are presumptively legitimate matters of public concern. That presumption is not, however, conclusive. In Chairman v. Freedom of InformationCommission, supra, we held that the disclosure of internal, departmental, personnel evaluations would constitute an invasion of privacy in part because the evaluations were conducted under appropriate confidential circumstances with the employees, thereby making such reports matters that do not legitimately concern the public. See Id., 205 (Borden, J., concurring) (`[d]isclosing [personnel evaluations] would severely undermine the policy of full and frank exchange of information underlying the need for such reports')." Perkins v. Freedom of InformationCommission, supra, 228 Conn. 174. The court rejects the plaintiffs' claim and agrees with the FOIC that concerns for the CT Page 9852 expectations of the parties to the evaluation and the full and frank exchange of information relate only to the criteria of whether the documents pertain to legitimate matters of public concern. Those concerns cannot boot strap the innocuous evaluations into the narrow constraints of the personal privacy exemption to the policy favoring disclosure of public documents. To adopt the plaintiffs' claim would, in essence, legislate a per se exemption for personnel evaluations and be irreconcilable with the standard annunciated in the Perkins decision.
The decisions in Chairman and Perkins can be reconciled by recognizing the substantive component of the information which justified the application of the privacy exemption to the evaluations in Chairman. The above-referenced citation toChairman in Perkins v. Freedom of Information Commission, supra, 228 Conn. 174 notes that the personal privacy exemption was applied to the evaluations "in part" because of the confidential circumstances in which the evaluation was conducted. In Chairman, the majority noted: "As a predicate to its conclusion, the FOIC found that the requested evaluation did describe such personal matters as the plaintiffs `aptitude, attitude, basic competence . . . trustworthiness, ethics, [and] interpersonal relationships. . . ." Chairman v. Freedom ofInformation Commission, supra, 217 Conn. 199. Further noting: "we agree with the Superior Court that disclosure of the report would carry significant potential for embarrassment. . . ." Id., 199-200. In his concurring opinion, Justice Borden stated: "My examination of the report at issue in this case persuades me that the trial court was correct in its ruling. Although all of the comments therein are phrased in terms of Connelly's performance as a state's attorney, under the circumstances of this case they also came within his reasonable expectation of personal privacy, because many of them also relate to what may fairly be regarded as personal characteristics. Furthermore, disclosure of this report could subject him to annoyance, embarrassment and harassment in both his professional and personal lives." Id., 193 (Borden, J., concurring).
Perkins established a very substantial standard for application of the personal privacy exemption to the disclosure of governmental records. The legitimate interest in protecting the evaluation process articulated in Chairman can be reconciled with Perkins recognizing that evaluations conducted under confidential circumstances are not normally legitimate matters of public concern. The full application of the § CT Page 98531-210(b)(2) exemption would be limited to those situations in which the substantive contents of such evaluations would be highly offensive to a reasonable person; not only because of their expectation that the evaluation process would be confidential, but because of the nature of the information set forth in such process.
Such construction would also be consistent with the consistent interpretation of the Freedom of Information Act favoring disclosure and construing exceptions to disclosure narrowly. Waterbury Teachers Assn. v. Freedom of InformationCommission, 240 Conn. 835, 840 (1997); Gifford v. Freedom ofInformation Commission, 227 Conn. 641, 651 (1993);Superintendent of Police v. Freedom of Information Commission,222 Conn. 621, 626 (1992); Chief of Police v. Freedom ofInformation Commission, 52 Conn. App. 12, 15, cert. granted,248 Conn. 914 (1999).
In the instant case, the plaintiffs had demonstrated that the evaluations were conducted in a confidential circumstance which makes them not legitimate subjects of public interest; however, they have failed to satisfy the remaining criteria of the exemption which is that their disclosure would be highly offensive to a reasonable person.
The court affirms the decision of the Freedom of Information Commission except as it references and enters any order or finding relating to the alleged non disclosure by the plaintiff Town of evaluations of persons who did not object to their disclosure. The case is remanded to the FOIC pursuant to §4-183(k) for deletion of such portions of its order. (See supra footnote 1.)
Robert F. McWeeny, Judge.