[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The plaintiff, Jack Simons, filed this dissolution of marriage action against the defendant, Andrea Minoff, on April 4, 2001.
On April 19, 2002, the plaintiff filed a request for production of records regarding two irrevocable trusts and one revocable trust in which the defendant has an interest.
On May 10, 2001, the plaintiff filed a request for interrogatories regarding these trusts.
On May 11, 2002, the defendant filed an objection to the plaintiff's request for production asserting that the information requested regarding the revocable trust is not relevant or discoverable pursuant to law.
On June 11, 2002, the defendant filed objections to the plaintiff's request for production and disclosure asserting that the interrogatories are not permitted as to revocable trusts.
"In Connecticut, the scope of pre-trial discovery is broad." Kavy v.New Britain Board of Education, Superior Court, judicial district of New Britain, Docket No 492921 (May 21, 2001, Shapiro, J.). " In any civil action . . . where the court finds it reasonable probable that evidence outside the record will be required, a party may obtain . . . discovery of information or disclosure, production and inspection of papers, books or documents material to the subject matter involved in the pending action . . . and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure . . ." CT Page 4058-b Practice Book § 123-2.[1] "The discovery rules are designed to facilitate trial proceedings and make a trial less a game of blindman's [buff] and more a fair contest with the basic issues and facts disclosed to the fullest practical extant." (Brackets in original.) Chief of Policev. Freedom of Information Commission, 52 Conn. App. 12, 16, 724 A.2d 554
(1999), aff'd., 252 Conn. 377, 746 A.2d 1264 (2000); see also Perez v.Mount Sinai Hospital, 7 Conn. App. 514, 519, 509 A.2d 552 (1986); Kekelikv. Hall-Brooke Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 169297 (December 15, 2000, Tierney, J.) (29 Conn.L.Rptr. 136). "The granting or denial of a discovery request rests in the sound discretion of the court." (Internal quotation marks omitted.) Babcock v. Bridgeport Hospital, 251 Conn. 790,820, 742 A.2d 322 (1999).
The plaintiff asserts that his request for interrogatories and production should be granted because the information he seeks regarding the trusts is reasonably calculated to lead to the discovery of admissible evidence. The plaintiff argues that by obtaining the corpus documents of the irrevocable trusts as well as the trust document and corpus of the revocable trust, he will be able to ascertain all types of trusts in which the defendant has an interest, what contingencies, if any, exist and whether the defendant has received income from the trusts. The defendant asserts that the plaintiff's request should be denied because information regarding the trusts is irrelevant to this divorce action. The defendant argues that because she only has a mere expectancy of inheriting from the trusts in the future, the trust is not considered property for distribution in the divorce, and therefore not discoverable or admissible at trial. The cases the defendant cites, however, only address whether a revocable trust is admissible at trial and do not address whether a revocable trust is discoverable. SeeBartlett v. Bartlett, 220 Conn. 372, 599 A.2d 14 (1991); Eslami v.Eslami, 218 Conn. 801, 591 A.2d 411 (1991); Rubin v. Rubin, 204 Conn. 224,527 A.2d 1184 (1987); Dryfoos v. Dryfoos, Superior Court, judicial district of Danbury, Docket No. 331315 (July 28, 2000, Axelrod, J.).
In light of the broad discovery rules, the court finds that the information sought by the plaintiff regarding the revocable trust terms and corpus is reasonable calculated to lead to other admissible evidence, even though the information itself may not be admissible at trial. The plaintiff may be able to ascertain any contingencies that may exist in the trust as well as any income the defendant has received. Accordingly, the plaintiff's request for interrogatories and production of the revocable trust document and corpus is granted and the defendant's objection to the request is overruled. CT Page 4058-c
As to the plaintiff's request for interrogatories and production of the corpus of the two irrevocable trusts, courts have found that evidence relating to irrevocable trust assets and income is discoverable and relevant to the plaintiff's opportunity to acquire capital assets and income in the future, determine property distribution and allow verification of the information supplied to the defendant on the amounts and nature of the previous trust distributions to the plaintiff. Olsonv. Olson, Superior Court, judicial district of New London, Docket No. 513144 (April 14, 1994, Teller, J.); see also King v. King, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142960 (March 6, 1997, Tierney, J.) (terms, income and principal of an irrevocable trust were discoverable); Sperry v. Sperry, Superior Court, judicial district of Waterbury, Docket No. 106824 (December 6, 1993, Pellegrino, J.) (assets were relevant and could lead to discoverable evidence).
For the foregoing reasons, the plaintiff's request for interrogatories and production of the corpus of the two irrevocable trusts and the terms and corpus of the revocable trust is granted and the defendant's objections to the request are overruled.
 ___________________ DOHERTY, J.