## COROSA REALTY ET AL. *v.* COVENANT INSURANCE COMPANY
## (6146)

SPALLONE, DALY and BIELUCH, Js.

Argued September 14—decision released October 18, 1988

*Daniel J. Mahaney,* with whom, on the brief, was *Gary S. Roosa,* for the appellants (plaintiffs).

*John E. Tener,* for the appellee (defendant).

DALY, J. The plaintiffs, Corosa Realty and Domenic Rosa, sought damages from the defendant, Covenant Insurance Company, claiming that the defendant wrongfully refused to pay the proceeds of a fire insurance policy on a residence owned by Corosa Realty and occupied by Domenic Rosa[1] which was destroyed by fire. The plaintiffs' ten count complaint essentially alleged that the defendant, by failing to pay the loss, breached its contract with the plaintiffs and also the implied covenant of good faith and fair dealing. In its answer, the defendant denied the material allegations of the complaint and pleaded two special defenses: (1) that the loss to the property was caused either directly or indirectly by the acts committed by the plaintiff Domenic Rosa; and (2) that the plaintiffs failed to comply with the express conditions of the policy.

The following facts are not in dispute. Effective September 20, 1980, the defendant issued to the plaintiffs a policy of insurance for a period of one year, insuring the plaintiffs against loss or damage by fire to the dwelling house and the furniture therein. On February 23, 1981, while the policy was in effect, the dwelling house and its contents were extensively damaged by fire. The damage to the insured premises was such that the dwelling was rendered uninhabitable. Expert witnesses for both parties testified to the presence of an accelerant fluid at the fire's point of origin.

Shortly before the fire, Rosa's live-in girlfriend moved out of the premises, taking most of the contents with her. At the time of the fire, Rosa was experiencing

---

[1] At the time of trial, Domenic Rosa was a general partner and the owner of 95 percent of Corosa Realty.

major financial difficulties. Corosa Realty was functioning under the protection of the Bankruptcy Court and the premises were the subject of a foreclosure action, and encumbered by several liens.

The trial court[2] found that the defendant had established by clear and convincing evidence that Domenic Rosa had the opportunity and motive to start the fire and that he did in fact start the fire. From the judgment rendered for the defendant, the plaintiffs appealed, claiming that the trial court erred in (1) concluding that the defendant had satisfied its burden of proof as to its arson defense, (2) failing to exclude the expert testimony and report of one of the defendant's witnesses, and (3) failing to render a decision regarding the plaintiffs' claim of defendant's bad faith. We find no error.

The plaintiffs' first claim is that the trial court erred in concluding that the acts of the individual plaintiff constituted clear and convincing evidence of arson. "Where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . . " *Davis* v. *Naugatuck,* 15 Conn. App. 185, 188, 543 A.2d 785 (1988); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

Our review of the record indicates that the evidence presented by the defendant meets the preponderance of evidence test set forth in *Verrastro* v. *Middlesex Ins.*

---

[2] The case was originally tried before *T. Sullivan, J.,* in May, 1985. In December, 1985, the plaintiffs filed a motion for a new trial, claiming that the trial court had failed to render its decision within the statutory time limits of General Statutes § 51-183 (b). The motion was granted on August 21, 1986. Accordingly, the trial court, *J. Healey, J.,* was empowered to review the entire proceedings and record and render its decision.

*Co.,* 207 Conn. 179, 183, 540 A.2d 693 (1988). See also *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.,* 5 Conn. App. 579, 581, 501 A.2d 1214 (1985), cert. denied, 198 Conn. 803, 503 A.2d 172 (1986). "[I]n order to establish a prima facie case of arson for purposes of denying coverage under an insurance policy, the insurer must establish that the fire was incendiary, that the insured . . . had an opportunity to cause the fire, and that [the insured] had a motive for setting the fire. . . . These elements must be proved by a preponderance of the evidence, which evidence may be either direct or circumstantial." (Citation omitted.) *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.,* supra, 585. The trial court found that an accelerant fluid was present at the fire's point of origin and that the plaintiff Domenic Rosa had both the motive and opportunity to set the fire. On the basis of our review of the record, we conclude that the trial court's conclusion was legally and logically correct. The defendant surpassed its burden by proving arson under the more exacting clear and convincing evidence standard of proof. Under either standard, the trial court did not err in concluding that arson had been proved by the defendant.

The plaintiffs' second claim is that the trial court erred in permitting the testimony of the defendant's expert witness, Daniel Slowick. Slowick was employed as a fire investigator by Connell Consultants, Ltd., a company that had been retained to investigate the claim of loss. The plaintiffs also claim that the trial court erred in admitting into evidence Slowick's report for Connell Consultants, Ltd.

In their request for interrogatories, the plaintiffs sought, inter alia, all information concerning investigations undertaken at the scene of the loss. In its amended answer to the interrogatories, the defendant identified the names of the various investigators, the

dates of their investigations, the number and length of the various reports and the essence of each report. Information pertaining to Slowick was included in the answer. Those interrogatories that requested the findings and conclusions of the reports, however, were unanswered by the defendant on the basis of the "work product" doctrine. The trial court ruled that some of the plaintiffs' interrogatories sought information that was the work product of the defendant's attorneys, and was therefore not subject to discovery by the plaintiffs. During the trial, the defendant offered the Connell report as a full exhibit through Slowick, who had prepared the report. The plaintiffs objected to this evidence, on the basis of the decision in *Sturdivant* v. *Yale-New Haven Hospital*, 2 Conn. App. 103, 476 A.2d 1074 (1984).

The plaintiffs' *Sturdivant* objection to this evidence was two-pronged. They claimed that there was a discrepancy in the dates when Connell was actually hired, the Connell report was not in fact the "work product" of the defendant's attorney and, therefore, it was discoverable material. Because there was no work product protection, the plaintiffs argued, the defendant failed to answer the interrogatories fairly or answered them in a way calculated to mislead the court. Therefore, the plaintiffs argue on appeal, the trial court should have imposed sanctions on the defendant pursuant to Practice Book § 231 and *Sturdivant*.

The plaintiffs' reliance on the propriety of the work product ruling is misplaced. Whether the Connell report was indeed the work product of the defendant's attorney is irrelevant to the *Sturdivant* argument. *Sturdivant* and its progeny concern *only* the failure of a party to disclose the existence of a retained expert or the expected substance of the expert's trial testimony. *Sturdivant* v. *Yale-New Haven Hospital, Inc.,*

supra, 106–107; *Kemp* v. *Ellington Purchasing Corporation,* 9 Conn. App. 400, 403–405, 519 A.2d 95 (1986); *Zimny* v. *Cooper-Jarrett, Inc.,* 8 Conn. App. 407, 426, 513 A.2d 1235 (1986); *Hartford* v. *Anderson Fairoaks, Inc.,* 7 Conn. App. 591, 600–601, 510 A.2d 200 (1986); *Perez* v. *Mount Sinai Hospital,* 7 Conn. App, 514, 518–19, 509 A.2d 552 (1986). When such a failure occurs, the trial court has the discretion to impose sanctions, pursuant to Practice Book § 231, on the party that fails to disclose and later attempts to introduce the witness or testimony. *Sturdivant* v. *Yale-New Haven Hospital, Inc.,* supra, 106–107. This court will not allow parties to manipulate the rules of discovery and use them to turn litigation into a game of "cat and mouse." Id.

The situation in this case differs markedly from that found in *Sturdivant.* There, the existence of the expert and the proposed subject matter of the testimony were completely unknown to the defendant until trial. Here, the plaintiffs knew from the answer to the interrogatories that the defendant intended to call Slowick as an expert and that Slowick would testify to his investigation of the fire scene. The action of the trial court is to be accorded great weight on appeal and is subject only to the test of abuse of discretion. *Sturdivant* v. *Yale-New Haven Hospital, Inc.,* supra, 108. In this case, we cannot say that the trial court could not reasonably conclude as it did.

The plaintiffs, in their final claim of error, contend that the trial court erred in failing to address specifically the issue of tortious breach of contract in its memorandum of decision. This argument merits little discussion. While the memorandum of decision does not specifically mention the plaintiffs' claim of breach of the implied covenant of good faith and fair dealing, the memorandum did state that "judgment may enter for

the defendant."[3] Moreover, the judgment file states that "[t]he Court, having heard the parties, finds the *issues* for the defendant." (Emphasis added.) When the judgment file indicates that the "issues" were found for a party, this means that all the material and disputed allegations in each pleading were so found. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260 (1953); Practice Book § 328. Thus, the record discloses that the trial court by its judgment found all of the issues for the defendant.

There is no error.

In this opinion the other judges concurred.

---

[3] Moreover, there is no indication in the record that the plaintiffs ever filed a motion for articulation under Practice Book § 4051.