[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this personal injury action, the plaintiff, by motion dated October 18, 1995, has moved this court for permission to serve additional interrogatories and requests for production beyond the standard interrogatories and requests for this type of action. Plaintiff, specifically, seeks copies of or the opportunity to inspect surveillance videotapes and photographs of the plaintiff, the existence of which was volunteered by the defendant. The defendant objects to the plaintiff's motion and notes the split of authority among Connecticut courts on this issue. CT Page 13167
In analyzing a discovery issue of this nature, it is important to bear in mind the purposes underlying the broad rules of discovery in this state; that is, to encourage agreement and settlement, to avoid surprise and "trial by ambush," to limit the issues for trial, and to basically make a trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Hartford v.Anderson Fairoaks Inc., 7 Conn. App. 591, 600 (1986); Pool v.Bell, 209 Conn. 536, 541 (1989); Perry v. Hospital of St.Raphael, 17 Conn. App. 121, 123 (1988); Tessmann v. Tiger LeeConstruction Co., 228 Conn. 42, 50 (1993).
Practice Book Section 218 provides that a party may obtain discovery of non-privileged materials as long as the discovery sought "would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure." In this case, the discovery material sought might well constitute the basis for a defense to the action or, at least, a strong tool for purposes of impeachment of the plaintiff or its witnesses. There is no question that a review of the material would be of assistance to the plaintiff. Nothing in Section 218 would preclude the granting of plaintiff's motion, though a claim of privilege or "work product" might apply to the specific request seeking access to accompanying "narrative summaries" prepared by the defense. See Davis et al v. Daddona et al,1 Conn. L. Rptr. 445, 446 (1990).
Practice Book Section 219 provides that the party seeking discovery of materials prepared in anticipation of trial have "substantial need of the materials in the preparation of his case" and that he be "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Given the nature of the materials sought here, i.e., material resulting from surveillance of the plaintiff, the potential for surprise and need for inspection and review is obvious. Even the testimony of an honest witness could be devastated by its use absent the opportunity to review and recall the activities depicted incontext relative to time, place, and circumstance. The plaintiff needs to see all the surveillance material in order to prevent the situation at trial where some of the material favorable to the defendant is offered while other material favorable to the plaintiff is withheld, etc. Furthermore, never has the concern CT Page 13168 about "authentication" been more legitimate then today, where technology is such that the capacity to misrepresent, using photos and tapes that have been edited or tampered with in some fashion, presents a very real possibility.
On the other hand, defendant's concerns about the potential for tailoring testimony to the discovered material are certainly legitimate and constitute the strongest argument for denial of motions of this nature. However, as noted in plaintiff's reply brief, defendant's concerns apply to all forms of discovered material turned over to an opposing party. Furthermore, such concerns are outweighed by the need for full and open discovery as previously discussed.
Since the plaintiff knows neither the content of the materials nor the existence of any other source for the materials, it would constitute an undue hardship for the plaintiff to obtain the equivalent of the materials by other means.
Finally, the photos and videotapes absent attendantnarratives would not constitute disclosure of the "mental impressions, conclusions, opinions, or legal theories" of the defense so as to constitute a violation of Section 219.
Plaintiff's Motion to File Alternative Interrogatories and Requests For Production is granted subject to defendant's right to object to specific requests and any subsequent orders of the court as to time, place, and circumstance of discovery.
/s/ Fasano, J. FASANO