LENORA MENNA *v.* JULIO T. JAIMAN
(AC 23804)

Schaller, Bishop and Hennessy, Js.

Argued September 10—officially released November 4, 2003

*Margaret J. Slez*, for the appellant (plaintiff).

*Noel R. Newman*, with whom, on the brief, was *James A. Mahar*, for the appellee (defendant).

*Opinion*

SCHALLER, J. In this personal injury action, the plaintiff, Lenora Menna, appeals from the judgment of the trial court rendered in her favor after a jury trial in which the jury awarded her $50 in nominal damages as against the defendant, Julio T. Jaiman. On appeal, the plaintiff claims that the court improperly (1) granted the defendant's motion in limine to preclude expert testimony, (2) placed the burden on her to show an absence of prejudice due to her failure to disclose expert witnesses and (3) refused to allow her to cross-

examine certain witnesses. We affirm the judgment of the trial court.[1]

The following facts are relevant to the resolution of the plaintiff's appeal. The plaintiff was involved in a motor vehicle accident caused by the defendant in August, 1995. The plaintiff brought an action against the defendant for injuries sustained in the accident. John Kurtzenacker, a passenger in the plaintiff's vehicle at the time of the accident, also brought an action against the defendant for injuries he sustained during the collision. The court consolidated the cases for trial.

The defendant filed a motion in limine to preclude the plaintiff from offering expert testimony regarding the cause of her injuries, disability or medical treatment because the plaintiff failed to meet the disclosure requirements for expert witnesses pursuant to Practice Book § 13-4 (4). The defendant sought the preclusion of expert testimony as a sanction for that failure. On the first day of trial, the court heard oral argument on the defendant's motion in limine. The court granted the defendant's motion, and the jury was brought into the courtroom for the presentation of opening statements.

Kurtzenacker presented his case, which included expert testimony from an orthopedic physician who treated him after the accident. The plaintiff sought and was denied the opportunity to cross-examine Kurtzen-

---

[1] The plaintiff also claimed that the court improperly denied her motion for a continuance and denied her motion for a mistrial. We need not address those claims because we conclude that the court was within its discretion in granting the defendant's motion in limine to preclude the plaintiff from offering expert testimony. Accordingly, the plaintiff's motion for a continuance to allow the defendant additional time to prepare for the plaintiff's expert testimony was not necessary. The motion for a mistrial need not be addressed because the court was within its discretion in granting the defendant's motion in limine and in refusing to allow the plaintiff to cross-examine the coplaintiff's expert witness.

acker's expert witness. The plaintiff made three motions on the third day of trial: (1) to allow expert testimony in the form of a medical report from plaintiff's treating physician, (2) a continuance to allow the defendant to prepare for the introduction of the report and (3) a motion for a mistrial. All three motions were denied. The plaintiff presented her case without the use of expert medical testimony in an effort to prove that her injuries were caused by the August, 1995 motor vehicle accident. On August 16, 2002, the jury returned a verdict in favor of the plaintiff, but awarded only $50 in nominal damages. The plaintiff filed a motion to set aside the verdict and a motion for a new trial. The court denied both motions. This appeal followed.

I

We first consider the plaintiff's claim that the court improperly granted the defendant's motion in limine to preclude expert testimony. Specifically, the plaintiff argues that the court improperly granted the defendant's motion in limine to preclude her from offering expert testimony because the plaintiff failed to disclose the expert prior to trial. We are not persuaded.

The following additional facts are relevant to the plaintiff's claim. Two days before trial, the defendant filed a motion in limine to preclude expert testimony by the plaintiff because of her failure to disclose her expert witnesses. The defendant had served standard interrogatories on the plaintiff to disclose her expert testimony in September, 1997. The plaintiff had been ordered to disclose her expert testimony by October 5, 1998, at the early intervention pretrial. The only disclosure made by the plaintiff was in her response to the interrogatories served by the defendant nearly five years before the start of the trial. In her response to those interrogatories, the plaintiff identified the two treating physicians whom she intended to call at trial.

She indicated that the physicians would testify "according to their expertise" on their "diagnosis and treatment of the plaintiff as well as any prognosis for future care and permanent disability." The plaintiff did not make any further disclosure of expert witnesses until trial. The defendant argues that the plaintiff's disclosure of her experts failed to comply with Practice Book § 13-4 and the court's order that disclosure be completed by October, 1998.

Three requirements must be met for a trial court's order of sanctions for a violation of a discovery order to withstand scrutiny. "First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." *Millbrook Owners Assn., Inc.* v. *Hamilton Standard,* 257 Conn. 1, 17–18, 776 A.2d 1115 (2001).

The court's discovery order and the mandates of Practice Book § 13-4 are "reasonably clear" and satisfy the first prong of the test under *Millbrook Owners Assn., Inc.* The defendant was ordered to disclose her expert witnesses by October 5, 1998, and was served with interrogatories requesting information on the expert witnesses she intended to call at trial pursuant to Practice Book § 13-4 (1).[2] Such an order requires the plaintiff

[2] Practice Book § 13-4 (1) provides in relevant part: "(A) A party may through interrogatories require any other party to identify each person whom

merely to comply with the rules of practice. *Sullivan* v. *Yale-New Haven Hospital, Inc.*, 64 Conn. App. 750, 759, 785 A.2d 588 (2001).

The record establishes that the order to disclose was violated, satisfying the second prong of the test under *Millbrook Owners Assn., Inc.* Practice Book § 13-4 (4) sets forth an affirmative duty that "[a]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . ." In the present case, the plaintiff merely identified the two treating physicians and stated that they would testify as to their expertise in relation to their treatment of her. The plaintiff failed to file an expert disclosure pursuant to Practice Book § 13-4, and her interrogatory responses did not, except in the most cursory fashion, state the substance of the facts and opinions about which the experts were expected to testify. The plaintiff's disclosure did not comply with the requirements of Practice Book § 13-4 (4). Thus, the court's finding of a violation of a discovery order was not clearly erroneous.

Finally, the third prong of the test under *Millbrook Owners Assn., Inc.*, was satisfied. The court's exclusion of the expert testimony as a sanction for the plaintiff's violation of the court's discovery order and her failure to comply with the affirmative duty to disclose found in Practice Book § 13-4 was proportional to the violation. Furthermore, Practice Book § 13-4 (4) specifically authorizes the court to preclude expert testimony if the

the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion . . . ."

plaintiff fails to disclose such experts properly.[3] The court's order of sanctions satisfied all three prongs of the test under *Millbrook Owners Assn., Inc.*, concerning sanctions for violation of a discovery order and, thus, withstands scrutiny. The court did not abuse its discretion in granting the defendant's motion in limine to preclude expert testimony by the plaintiff.

## II

The plaintiff's second claim is that the court improperly shifted the burden to her to show an absence of prejudice to the defendant as a result of her failure to disclose expert witnesses. The plaintiff argues that the court improperly concluded that her inadequate disclosure caused prejudice to the defendant without a factual basis for its decision other than the late disclosure itself. We are not persuaded.

The following additional facts are relevant to the plaintiff's claim. On the first day of trial, the court heard oral argument on the defendant's motion in limine to preclude the plaintiff's experts. The defendant read into the record the standard interrogatories that had been sent to the plaintiff nearly five years before trial and her answers, which disclosed only the experts' names and occupations. The court stated that the plaintiff's answers to the standard interrogatories were inadequate. The court stated that the plaintiff's late disclosure would prejudice the defendant because she had failed to provide any notice of her purported expert testimony. When the plaintiff offered to give the defendant copies of medical reports, the court stated, "[t]o hand over a

---

[3] Practice Book § 13-4 (4) provides in relevant part: "If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party . . . ."

medical report to defense counsel in the middle of trial simply is unacceptable. It . . . was a clear violation of the rules of practice, and I think it would result in a great deal of prejudice to the defendant if I were to permit that." The plaintiff conceded at the hearing that "there is a good argument that the [interrogatory] answers did not comply with Practice Book § 13-4 (4)."

Once the court made the determination that the plaintiff had failed to provide disclosure to the defendant that showed a causal relationship between her injuries and the automobile accident, the court gave the plaintiff an opportunity to rebut the defendant's assertions and to indicate any evidence she had to the contrary. The plaintiff's counsel conceded that he did not currently have any medical information that connected the plaintiff's injuries to the accident.

Practice Book § 13-4 (4) (A) allows a court to preclude expert testimony if the proponent of the testimony has made a late disclosure of the expert and the late disclosure "will cause undue prejudice to the moving party . . . ." The moving party bears the burden of showing that it was prejudiced.[4]

After a review of the record and transcripts in this case, we conclude that the court did not place the burden on the plaintiff to show a lack of prejudice or base its decision solely on the late disclosure. The record reveals that the court determined that the defendant would be prejudiced by the plaintiff's lack of disclosure only after the defendant read into the record the standard interrogatories that had been sent to the plaintiff and her answer. The answers to those interrogatories,

---

[4] The party who files the motion in limine has the burden of demonstrating that the evidence is inadmissible on any relevant ground. See *First Savings Bank, F.S.B.* v. *U.S. Bancorp*, 117 F. Sup. 2d 1078, 1082 (D. Kan. 2000); see also *Plair* v. *E.J. Brach & Sons, Inc.*, 864 F. Sup. 67, 69 (N.D. Ill. 1994). Notably, except Practice Book § 13-4 (1), which requires voluntary disclosure of each party's experts, Practice Book § 13-4 in general is a mirror image of Federal Rule of Civil Procedure 26 (b) (4).

submitted nearly five years before trial, were the only disclosure of expert information. It is clear that the plaintiff's cursory response to the standard interrogatories did not satisfy the disclosure requirements of Practice Book § 13-4.

The arguments raised by the defendant addressed and satisfied his burden of proof. Although the court allowed the plaintiff to present evidence at the oral arguments, the evidence was *rebuttal* evidence. The court merely gave the plaintiff one last opportunity to rebut the defendant's claim of prejudice before it ruled. Therefore, the court did not improperly shift the burden to the plaintiff.

## III

The plaintiff's third claim is that the court improperly refused to allow her to cross-examine certain witnesses. Specifically, the plaintiff argues that the court improperly precluded her from cross-examining Kurtzenacker's treating physician.

The following additional facts are relevant to the plaintiff's claim. On the second day of trial, Kurtzenacker's expert witness, Donald Dworken, a physician, testified.[5] Dworken was the treating physician for Kurtzenacker. He did not treat the plaintiff or review any medical records of the plaintiff. Dworken gave testimony concerning Kurtzenacker's injuries. At the conclusion of Kurtzenacker's and the defendant's questioning of Dworken, the plaintiff sought to cross-examine the witness concerning the plaintiff's injuries in an effort to establish a causal relationship between her injury and the accident. The court refused to allow the plaintiff to cross-examine Dworken for that purpose.

---

[5] Kurtzenacker properly disclosed Dworken as an expert witness.

"[In] . . . matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. . . . The determination of whether a matter is relevant or collateral, and the scope and extent of cross-examination of a witness, generally rests within the sound discretion of the trial court. . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) *Robert M. Elliot, P.C.* v. *Stuart*, 53 Conn. App. 333, 340–41, 730 A. 2d 1176, cert. denied, 249 Conn. 928, 733 A.2d 848 (1999).

"In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial. . . . Although it is axiomatic that the scope of cross-examination generally rests within the discretion of the trial court, [t]he denial of all meaningful cross-examination into a legitimate area of inquiry constitutes an abuse of discretion. . . . It is well settled that the scope of the cross-examination of a witness is limited by the scope of the direct examination unless there is an attack on the credibility of that witness. . . . The evidence elicited during direct examination delineates the scope of cross-examination." (Citations omitted; internal quotation marks omitted.) *Dubreuil* v. *Witt*, 65 Conn. App. 35, 42, 781 A.2d 503 (2001).

In the present case, the court did not abuse its discretion in denying the plaintiff the opportunity to cross-examine Kurtzenacker's expert witness in relation to her injuries. In regard to the plaintiff's injuries, Dworken had not examined or read any medical records or reports pertaining to the plaintiff. Dworken had not been disclosed as an expert witness concerning the

nature, extent or cause of the plaintiff's injuries. Because the testimony presented by Dworken also did not address the plaintiff's injuries, the plaintiff's attempt to cross-examine was beyond the scope of the direct examination. The court did not abuse its discretion in precluding the plaintiff from cross-examining Kurtzenacker's treating physician with regard to the plaintiff's injuries.

The plaintiff also argues that the court improperly denied her the opportunity to cross-examine Dworken to establish a causal relation between her injuries and the accident. In support of that position, the plaintiff cites a line of cases that hold: "[W]here one party has disclosed an expert witness pursuant to Practice Book § 220 [now § 13-4], and that expert witness has either been subsequently deposed by the opposing party, or the expert's report has been disclosed pursuant to discovery, then either party may call that expert witness to testify at trial." *Lane* v. *Stewart*, 46 Conn. App. 172, 177, 698 A.2d 929, cert. denied, 243 Conn. 940, 702 A.2d 645 (1997); see *Barksdale* v. *Harris*, 30 Conn. App. 754, 622 A.2d 597, cert. denied, 225 Conn. 927, 625 A.2d 825 (1993). Those cases are not pertinent to the present case. In those cases, the expert testimony to be elicited from the opposing party pertained to the same subject matter for which the expert had been disclosed properly. In this case, however, the expert, Dworken, had been retained for the purpose of testifying concerning Kurtzenacker's injuries. See *Lane* v. *Stewart*, supra, 175–76. Dworken had no knowledge or opinions concerning the plaintiff's injuries and did not testify concerning the plaintiff. We conclude that the court did not abuse its discretion in refusing to allow the plaintiff to cross-examine Kurtzenacker's expert witness.

The judgment is affirmed.

In this opinion the other judges concurred.