STATE OF CONNECTICUT *v.* ROBERT ARRINGTON*
(AC 23438)

West, DiPentima and Peters, Js.

Argued October 27, 2003—officially released February 17, 2004

* The Appellate Court judgment was vacated April 21, 2005.

*Kim E. Rinehart*, with whom were *Jeffrey R. Babbin* and, on the brief, *J. David Griffin*, special public defender, for the appellant (defendant).

*Julie Slayton*, certified legal intern, with whom were *Marjorie Allen Dauster*, senior assistant state's attorney, and, on the brief, *James E. Thomas*, state's attorney, and *Christopher Pelosi*, assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Robert Arrington, appeals from the judgment of conviction, rendered after a jury trial, for the negligent operation of a motor vehicle resulting in the death of another in violation of General Statutes § 14-222a. On appeal, the defendant claims that the court (1) violated his right to cross-examine a witness about her pending or contemplated civil action against him and (2) misled the jury with its instruction on proximate cause. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On July 10, 2000, the victim, her sister and two children were traveling in the right lane of Interstate 91, about ten to fifteen feet behind the rear tire of a truck in the center lane, when the truck, driven by the defendant, veered into the victim's lane without signaling. The victim made a hard right turn toward the breakdown lane to avoid a collision and lost control of her vehicle. The vehicle rolled over several times, killing the driver.

At trial, defense counsel asked the victim's sister on cross-examination whether she had hired an attorney due to her injuries from the accident. The court sustained the state's objection. The jury found the defendant guilty of negligent homicide in violation of § 14-222a. This appeal followed. Additional facts will be set forth as needed.

I

The defendant's first claim is that the court improperly precluded his cross-examination regarding the victim's sister's pending or contemplated civil action against him.[1] He argues that her testimony was materially different from that of the other eyewitness, William Dietz, a truck driver whose vehicle was in the center lane behind the defendant's truck when the collision occurred. We disagree.

With respect to matters pertaining to control over cross-examination, every reasonable presumption should be made in favor of the correctness of the court's ruling, and our standard of review is one of abuse of discretion. *Menna* v. *Jaiman*, 80 Conn. App. 131, 140, 832 A.2d 1219 (2003).

"Although the outright denial of a defendant's opportunity to impeach a witness for motive, bias and interest implicates the constitutional protection of the confrontation clause, such a denial is subject to harmless error

---

[1] The state concedes that the court improperly precluded the cross-examination, but argues that the error was harmless beyond a reasonable doubt. "[A]s a general rule cross-examination of the prosecuting witness should be allowed to show the pendency, existence and status of civil action against the accused arising out of the same set of circumstances as those which served as the basis of the criminal prosecution. . . . This is not to say the refusal to admit such evidence has not been held, in the proper circumstances, to be harmless error." (Citations omitted; internal quotation marks omitted.) *State* v. *Milum*, 197 Conn. 602, 610, 500 A.2d 555 (1985). We note that it was improper to preclude the cross-examination, and we apply harmless error analysis.

analysis. . . . A new trial is therefore required only if the exclusion of the proffered evidence is not harmless beyond a reasonable doubt.

"Whether such error is harmless in a particular case depends upon a number of factors, such as the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." (Citations omitted; internal quotation marks omitted.) *State* v. *Colton*, 227 Conn. 231, 253–54, 630 A.2d 577 (1993), on appeal after remand, 234 Conn. 683, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996).

We conclude that denying the defendant an opportunity to cross-examine the victim's sister with respect to bias was harmless beyond a reasonable doubt. Both she and Dietz, who witnessed the accident while driving behind the defendant's truck, testified that the defendant had veered into the victim's lane. Only Dietz testified that the defendant moved into the victim's lane without using a signal. Pursuant to § 14-222a, the jury reasonably could have found the defendant negligent for having veered into the victim's lane, without signaling, and having caused the victim to turn her steering wheel hard to avoid an accident.[2] The testimony of the victim's sister was not materially different from that of Dietz on that issue. We therefore conclude that the error was harmless because Dietz's testimony provided all the material facts to establish the defendant's negligence in veering into the victim's lane without signaling.

---

[2] General Statutes § 14-222a provides: "Any person who, in consequence of the negligent operation of a motor vehicle, causes the death of another person shall be fined not more than one thousand dollars or imprisoned not more than six months or both."

## II

The defendant next claims that the court improperly instructed the jury on proximate cause.[3] He argues that the court failed to charge the jury that his negligence, to be considered a proximate cause, must have contributed in a direct manner, and unbroken sequence, to the resulting death, and that his conduct could not have been superseded by an efficient, intervening cause that produced the victim's death.[4] We disagree.

The defendant failed to preserve his claim at trial and now requests review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We will review the defendant's claim because the record is adequate for review and he has raised a claim of constitutional magnitude. See *State* v. *Hinton*, 227 Conn. 301, 308, 630 A.2d 593 (1993) (following established rule that claimed improper jury instruction on element of charged offense appealable even if not raised at trial). We conclude, however, that the defendant has failed to show that the alleged violation clearly exists and clearly deprived him of a fair trial.

"[W]hether a jury instruction is improper is gauged by considering the instruction in its entirety, and with reference to the facts and evidence in the case, so as

---

[3] The court instructed the jury on proximate cause as follows: "Negligence is a proximate cause of an injury or death if it was a substantial factor in bringing that injury or death about. Negligence is a substantial factor in bringing about an injury or death if it contributes materially to the production of the injury or the death."

[4] The doctrine of superseding cause recently has been abandoned in cases in which "a defendant claims that its tortious conduct is superseded by a subsequent negligent act or there are multiple acts of negligence." *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 439 n.16, 820 A.2d 258 (2003). The Supreme Court has cautioned, however, that its conclusion did not "necessarily affect the doctrine of superseding cause in the area of criminal law. See *State* v. *Munoz*, 233 Conn. 106, 124–25, 659 A.2d 683 (1995)." *Barry* v. *Quality Steel Products, Inc.*, supra, 439 n.16. Accordingly, we continue to recognize the doctrine in this criminal appeal.

to determine whether it fairly presented the case to the jury so that no injustice was done under established legal rules." *State* v. *Munoz*, 233 Conn. 106, 120, 659 A.2d 683 (1995).

"[W]hen several factors contribute, in a chain of events, to cause a victim's injury . . . the defendant's conduct must have been a cause that necessarily set in operation the factors that accomplish the injury. In short, *a jury instruction with respect to proximate cause must contain, at a minimum, the following elements: (1) an indication that the defendant's conduct must contribute substantially and materially, in a direct manner, to the victim's injuries; and (2) an indication that the defendant's conduct cannot have been superseded by an efficient, intervening cause that produced the injuries.*" (Emphasis in original; internal quotation marks omitted.) Id., 121. "We emphasize that . . . the requirement of language in the jury instructions regarding an efficient, intervening cause is not ironclad. It arises in those cases in which the evidence could support a finding by the jury that the defendant's conduct was overcome by an efficient, intervening cause, or in which the evidence regarding proximate causation was such that, based on the doctrine of efficient, intervening cause, the jury could have a reasonable doubt about the defendant's guilt." (Citation omitted.) Id., 121 n.8.

"The doctrine of intervening cause . . . refers to a situation in which the defendant's conduct is a 'but for' cause, or cause in fact, of the victim's injury, but nonetheless some other circumstance *subsequently* occurs—the source of which may be an act of the victim, the act of some other person, or some nonhuman force—that does more than supply a concurring or contributing cause of the injury, but is unforeseeable and sufficiently powerful in its effect that it serves to relieve the defendant of criminal responsibility for his conduct.

. . . Thus, the doctrine serves as a dividing line between two closely related factual situations: (1) where two or more acts or forces, one of which was *set in motion by the defendant,* combine to cause the victim's injuries, in which case the doctrine will not relieve the defendant of criminal responsibility; and (2) where an act or force intervenes in such a way as to relieve a defendant, whose conduct contributed in fact to the victim's injuries, from responsibility, in which case the doctrine will apply." (Citations omitted; emphasis added.) Id., 124–25.

Under the facts of this case, we conclude that the omission of an instruction on the doctrine of efficient, intervening cause was not improper. The defendant cites his theory at trial that certain actions of the victim contributed to, or caused, the accident, including the rate of speed at which she drove her vehicle, the manner in which she turned the steering wheel, her use of the breakdown lane and her application of the brakes. The rate of speed of the victim's vehicle at the time of the defendant's act of veering into her path was a preexisting state of affairs, not an event that occurred *subsequent* to the defendant's negligent act that was sufficiently powerful to relieve him of criminal responsibility. Furthermore, the victim's defensive reactions of turning her steering wheel, utilizing the breakdown lane and applying her brakes were set in motion by the defendant's negligence in veering into her lane. Therefore, an instruction on the doctrine of efficient, intervening cause was unnecessary.

Finally, although the charge may not have expressly stated that the connection between the defendant's conduct and the victim's death had to be "direct," the jury could not have been misled to reach an improper result. Under those facts, if the jury believed that the defendant's conduct had contributed both substantially and materially to the victim's death, as the court instructed,

then it necessarily also had to believe that his conduct contributed in a direct manner to the same result. No other acts of negligence existed to diminish the causal connection between the defendant's negligence and the victim's death. Therefore, the instruction on proximate cause was fairly and accurately presented, and the jury could not have been misled.

The judgment is affirmed.

In this opinion the other judges concurred.