NORMA VITONE, ADMINISTRATRIX (ESTATE OF JOHN VITONE) *v.* WATERBURY HOSPITAL ET AL.
(AC 24611)

Lavery, C. J., and Flynn and Mihalakos, Js.

Argued November 17, 2004—officially released April 5, 2005

*Christopher M. Reeves*, for the appellant (plaintiff).

*William M. O'Donnell III*, for the appellees (named defendant et al.).

*Opinion*

LAVERY, C. J. Norma Vitone, the plaintiff in this wrongful death action, appeals from the judgment of the trial court rendering summary judgment in favor of the defendants Waterbury Hospital and Waterbury Hospital Geropsychology Center.[1] The plaintiff claims on appeal that the court improperly granted the Waterbury Hospital defendants' motion to preclude the testi-

---

[1] Waterbury Hospital and Waterbury Hospital Geropsychology Center are the only defendants that are parties to this appeal. Prior to the court's rendering of summary judgment in favor of those defendants, the plaintiff withdrew her claims against the defendants American Medical Response of Connecticut, Robert Behrends, Arvind D. Shah and Jeffrey Boyd, and the court granted the defendant Waterbury Convalescent Center's motion for a judgment of nonsuit on the basis of the plaintiff's failure to provide responses to the center's request for production. In this opinion, we refer to Waterbury Hospital and Waterbury Hospital Geropsychology Center as the Waterbury Hospital defendants.

mony of the plaintiff's expert witness, which preclusion formed the basis for the court's subsequent rendering of summary judgment. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the appeal. The plaintiff filed this action on April 30, 1997, following the death of her decedent, John Vitone, in December, 1995. In her sixth revised complaint, she alleged that his suicide on the premises of Waterbury Hospital was caused by the carelessness or negligence of the Waterbury Hospital defendants through their failure to conform to the applicable standard of care in several specified ways.

On June 16, 1997, the Waterbury Hospital defendants served interrogatories and requests for production on the plaintiff, and on August 13, 1998, the plaintiff provided responses thereto. The responses indicated that the plaintiff had retained an expert, Walter A. Borden, a psychiatrist, in connection with the action; that Borden's specialties were psychiatry, neurology and forensic psychiatry; and that he was a diplomat of the American Board of Psychiatry and Neurology and of the American Board of Forensic Psychiatry. As to a question that asked the plaintiff to identify each expert witness she expected to testify at trial and to set forth the subject matter on which the expert was expected to testify, the substance of the facts and opinions to which the expert was expected to testify and a summary of the grounds for each opinion, the plaintiff provided no response whatsoever. The Waterbury Hospital defendants assert that the plaintiff never supplemented her August 13, 1998 responses, and the plaintiff does not contest that assertion.

On September 8, 2000, two defendant physicians, Robert Behrends and Arvind D. Shah,[2] filed a motion for

[2] The plaintiff subsequently withdrew the action as to Behrends and Shah. See footnote 1.

more specific disclosure of expert witnesses. Behrends and Shah argued in their motion that the plaintiff's August 13, 1998 responses to them did not comply with Practice Book § 13-4 (4) because the responses did not identify what the experts would be testifying to with respect to each defendant and "[f]urther, said disclosure also fails to specifically identify the subject matter on which each of the . . . experts is expected to testify."[3] They stated additionally that "[a]s currently drafted, the Plaintiff's expert disclosure fails to fully and fairly apprise [Behrends and Shah] of the substance of the Plaintiff's expert testimony against them because it speaks in sweeping generalities and glaringly fails to specify any particular allegations of negligence." Behrends and Shah requested that the court "order the Plaintiff to provide a more specific disclosure of expert in accordance with the provisions of Practice Book § 13-4 (4)."

On February 20, 2001, the court granted the motion for more specific disclosure. In its order, the court stated: "Plaintiff's disclosure [is] to be in compliance with Practice Book § 13-4 (4). Failure to be in compliance will result in sanctions at time of trial." On October 1, 2002, a pretrial was held at which the defendants' counsel alerted the court that the plaintiff had not yet

---

[3] In that regard, the responses provided to Behrends and Shah included slightly more information than those provided to the Waterbury Hospital defendants. The plaintiff informed Behrends and Shah that she expected to have two expert witnesses testify, Borden and Susan H. Caplet of the state department of public health. She identified "[c]are and treatment given to John Vitone by the Defendants" as the subject matter on which Borden would testify, and "[h]er investigation into violations of Public Health Code by Defendants" as the subject matter on which Caplet would testify. The plaintiff also provided brief, generalized answers to questions regarding the substance of the facts and opinions about which each expert would testify and the grounds for those opinions. For example, the substance of the facts and opinions about which Borden was expected to testify was identified as "[s]tandards of care which the Defendants failed to maintain," and the grounds for his opinion were stated to be "[m]edical records of John Vitone."

disclosed her expert witness. The court issued a scheduling order requiring the plaintiff to disclose her experts by November 1, 2002, and that depositions of the plaintiff's experts were to be completed by February 15, 2003.

On February 19, 2003, the plaintiff withdrew her claims against Behrends and Shah.[4] On March 7, 2003, the Waterbury Hospital defendants filed a motion to preclude. In their motion, they requested that the court preclude the plaintiff from calling Borden as an expert witness at trial and from disclosing any other expert witnesses before jury selection, which was scheduled to begin on May 22, 2003. They argued that "the plaintiff's failure to disclose a medical expert and produce that individual for deposition during the five and one-half years that this case has been pending has caused [the defendants] undue prejudice in the preparation of their defense. Moreover, any future expert disclosure would be untimely and prejudicial, and would cause an undue hardship on the Waterbury Hospital defendants." The Waterbury Hospital defendants repeated their claim of prejudice as to their case preparation elsewhere in the motion, arguing that to allow disclosure of an expert witness at that late date "would constitute trial by ambush." They further alleged bad faith on the part of the plaintiff. On April 8, 2003, the court granted the motion to preclude.

On May 6, 2003, the Waterbury Hospital defendants filed a motion for permission to file a motion for summary judgment, claiming that because the plaintiff was precluded from calling Borden as an expert witness at trial, she would be unable to meet her burden of proof.[5]

---

[4] Also on February 19, 2003, the plaintiff withdrew claims she had asserted against another physician, Jeffrey Boyd. Waterbury Convalescent Center's motion for a judgment of nonsuit already had been granted on April 1, 2002.

[5] "To prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury. Generally, expert testimony is required to establish both the standard of care to which the defendant is held and the breach of that

The court granted the motion. Thereafter, the Waterbury Hospital defendants filed a motion for summary judgment reiterating their argument that because proof of the elements in a medical malpractice action requires expert evidence, the plaintiff, having been precluded from introducing such evidence due to her failure to disclose, would be unable to prove her case and could not possibly prevail. The plaintiff did not file an objection. The court rendered summary judgment in the Waterbury Hospital defendants' favor on August 20, 2003. This appeal followed.

We begin with the applicable law and accompanying standards of review. "Three requirements must be met for a trial court's order of sanctions for a violation of a discovery order to withstand scrutiny. 'First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion.' " *Menna* v. *Jaiman*, 80 Conn. App. 131, 135, 832 A.2d 1219 (2003), quoting *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 17–18, 776 A.2d 1115 (2001).

standard." D. Faulkner & S. Graves, Connecticut Trial Evidence Notebook (2d Ed. 2004) E-36, citing *Gold* v. *Greenwich Hospital Assn.*, 262 Conn. 248, 254–55, 811 A.2d 1266 (2002).

As to the first requirement, we conclude that the orders at issue were reasonably clear. The court's February 20, 2001 order granting Behrends' and Shah's motion for more specific disclosure directed that the plaintiff's expert witness disclosure had to comport with Practice Book § 13-4 (4)[6] and, thus, notified the plaintiff that the information provided to date fell short of that standard. "[T]he mandates of Practice Book § 13-4 are 'reasonably clear' and satisfy the first prong of the test under *Millbrook Owners Assn., Inc.*" *Menna* v. *Jaiman,* supra, 80 Conn. App. 135. An order such as the one issued by the court "requires the plaintiff merely to comply with the rules of practice." Id., 136; see also *Sullivan* v. *Yale-New Haven Hospital, Inc.*, 64 Conn. App. 750, 759, 785 A.2d 588 (2001). Moreover, the clarity of the court's October 1, 2002 scheduling order cannot be questioned. That order, like the orders held reasonably clear in *Menna* and *Sullivan*, required the plaintiff to disclose her experts by a specific date—here, November 1, 2002.

Next, the record establishes that both of the court's orders were violated. The plaintiff's answers to the interrogatories filed by the defendants were glaringly incomplete, and her response to Behrens and Shah included only slightly more detail. The plaintiff did not supplement her responses to Behrens and Shah to bring them into compliance with Practice Book § 13-4 (4), as required by the court's order for more specific disclosure, nor did she produce by November 1, 2002, any further information regarding expert witnesses, as required by the court's later scheduling order. Pursuant

---

[6] Practice Book § 13-4 (4) requires, essentially, the disclosure of the information requested in the interrogatories the defendants had propounded to the plaintiff: "the name of [each] expert [expected to be called as a witness at trial], the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion . . . ." Practice Book § 13-4 (4). The rule requires disclosure to be made "to all other parties . . . ." Practice Book § 13-4 (4).

to our case law, minimal disclosure such as the plaintiff's does not satisfy the requirements of Practice Book § 13-4 (4). See *Menna* v. *Jaiman*, supra, 80 Conn. App. 136 (finding violation of order to comply with Practice Book § 13-4 [4] where plaintiff's "responses did not, except in the most cursory fashion, state the substance of the facts and opinions about which the experts were expected to testify"); *Advanced Financial Services, Inc.* v. *Associated Appraisal Services, Inc.*, 79 Conn. App. 22, 46–47, 830 A.2d 240 (2003) (holding Practice Book § 13-4 [4] violated where "defendants' disclosure of their experts discussed the subject matter on which the experts were to testify, the substance and facts of their opinion, and the summary of the grounds for their opinion in general, all encompassing and vague terms"); see also *Sullivan* v. *Yale-New Haven Hospital, Inc.*, supra, 64 Conn. App. 759–60, and *Perry* v. *Hospital of St. Raphael*, 17 Conn. App. 121, 122–23, 550 A.2d 645 (1988) (holding similarly).

The plaintiff argues, however, that she did not need to comply with the court's orders because the concern they were intended to address was that the plaintiff's initial disclosure had failed to articulate which allegations were directed against each defendant physician. According to the plaintiff, by the time the Waterbury Hospital defendants filed a motion to preclude her from presenting expert testimony, those defendant physicians no longer were parties to the case. She claims that at that point, because "[t]here was but one defendant left in the case," the need to clarify the initial disclosure no longer existed. We disagree.

We note at the outset that the withdrawal of the action as to Behrends, Boyd and Shah did not occur until two years after the court's order for more specific disclosure and close to four months after the deadline for disclosure specified in the court's scheduling order had passed. The plaintiff offered no excuse for her

failure to supplement her responses during the lengthy period of time preceding the dismissal. Additionally, even after the dismissal of the individual physicians, there still remained two defendants in the case, despite the plaintiff's conclusory statement to the contrary.

More importantly, as previously set out, the motion that first prompted the court to order more specific disclosure raised *two* concerns: that the plaintiff's initial disclosure did not distinguish between defendants, and also that it was too general and failed to identify particularly the subject matter of the planned expert testimony. That the court agreed with the latter concern is evidenced by its order that the plaintiff comply with Practice Book § 13-4 (4), which by its terms requires disclosure of the subject matter of expert testimony, as well as the facts and opinions to be provided therein, and the underlying grounds for those facts and opinions. In contrast, Practice Book § 13-4 (4) does not address explicitly the need to distinguish among defendants against whom expert testimony will be offered. Finally, nothing about either of the court's orders suggests that they were as limited as the plaintiff now suggests. On the basis of the foregoing, we conclude that the withdrawal of the action as to Behrends, Boyd and Shah did nothing to alleviate the primary deficiency of the plaintiff's initial disclosure, i.e., its overall lack of detail. Accordingly, the court's finding that its orders had been violated was not clearly erroneous.

Last, we consider whether the court's order precluding the plaintiff from introducing expert testimony was an abuse of discretion. The rules of practice authorize this sanction for late disclosure of an expert witness on a motion of the opposing party if "the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by

the disclosing party. . . ." Practice Book § 13-4 (4). Here, the Waterbury Hospital defendants in their motion to preclude cited prejudice in the preparation of their case and bad faith on the part of the plaintiff as justifications for the requested sanction.

In *Pool* v. *Bell*, 209 Conn. 536, 540, 551 A.2d 1254 (1989), a party failed to comply with the trial court's orders and instead waited until just weeks before trial to disclose an expert witness. Our Supreme Court concluded that the trial court's decision to preclude the expert's testimony was an appropriate response to what reasonably could be viewed as an abusive trial tactic. Id., 541. The court reasoned that as "the trial was to begin shortly . . . the [opposing party] would have had little time to discover and investigate properly [the expert's] opinions." Id., 541–42; see also *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 547–49, 733 A.2d 197 (1999) (no abuse of discretion where trial court excluded as highly prejudicial expert testimony disclosed less than thirty days before trial was to begin); *Pie Plate, Inc.* v. *Texaco, Inc.*, 35 Conn. App. 305, 309, 645 A.2d 1044 (noting that plaintiff's tardy disclosure meant either delay in trial or that defendant would be deprived of reasonable time to prepare for expert's testimony), cert. denied, 231 Conn. 935, 650 A.2d 172 (1994). In *Menna* and *Sullivan*, we found that exclusion of expert testimony was a proportionate sanction for violation of the courts' orders to provide complete disclosures, thus satisfying the third prong of the *Millbrook* test. See *Menna* v. *Jaiman*, supra, 80 Conn. App. 136–37; *Sullivan* v. *Yale-New Haven Hospital, Inc.*, supra, 64 Conn. App. 759–60.

Guided by the aforementioned case law, we conclude that in this case, preclusion of the plaintiff's expert testimony was a proportionate sanction and well within the court's discretion. At the time the court granted the motion to preclude, the case had been pending for close

to six years, and trial was set to begin in approximately six weeks. The plaintiff, having ignored two previous court orders, had yet to disclose fully the expert testimony to be presented at trial. Like the court in *Pool*, the court here reasonably could have viewed this as an abusive trial tactic and considered that had the plaintiff been allowed to make her disclosure at the eleventh hour, the Waterbury Hospital defendants would be prejudiced due to the little time remaining in which to investigate properly and to prepare to rebut the expert's opinion. Further, pursuant to the court's scheduling order, the time in which to depose the plaintiff's experts had long since passed.

"The discovery rules are designed to facilitate trial proceedings and to make a trial less a game of blindman's [buff] and more a fair contest with the basic issues and facts disclosed to the fullest [practicable] extent." (Internal quotation marks omitted.) *Perry* v. *Hospital of St. Raphael*, supra, 17 Conn. App. 123. In reviewing a trial court's orders enforcing those well intentioned rules, we are mindful that "whether to impose the sanction of excluding the testimony of a party's expert witness rests within the court's sound discretion. . . . The action of the trial court is not to be disturbed unless it has abused its broad discretion, and in determining whether there has been such abuse every reasonable presumption should be made in favor of its correctness. " (Citations omitted.) *Pool* v. *Bell*, supra, 209 Conn. 541. "The determinative question for an appellate court is not whether it would have imposed a similar sanction but whether the trial court could reasonably conclude as it did given the facts presented. Never will the case on appeal look as it does to a [trial court] . . . faced with the need to impose reasonable bounds and order on discovery." (Internal quotation marks omitted.) *Mulrooney* v. *Wambolt*, 215 Conn. 211, 222, 575 A.2d 996 (1990).

On the facts of this case and guided by that deferential standard, we conclude that the court's order imposed a reasonable sanction and was not an abuse of discretion. Accordingly, the third prong of *Millbrook* has been satisfied. Moreover, because the plaintiff could not establish a case of medical malpractice absent supporting expert testimony, the court properly rendered summary judgment in favor of the Waterbury Hospital defendants.

The judgment is affirmed.

In this opinion the other judges concurred.