NANCY GRISWOLD *v.* JEFFREY STERN
(AC 31367)

Harper, Bear and Mihalakos, Js.

Argued September 21, 2010—officially released January 25, 2011

*David R. Gronbach*, with whom, on the brief, was *Robert L. Keepnews*, for the appellant (plaintiff).

*Jessica D. Meerbergen*, with whom, on the brief, was *William J. Scully*, for the appellee (defendant).

MIHALAKOS, J. The plaintiff, Nancy Griswold, appeals from the summary judgment rendered by the trial court in favor of the defendant, Jeffrey Stern, a physician. On appeal, the plaintiff claims that the court improperly rendered summary judgment in favor of the defendant after the plaintiff had withdrawn her expert witness disclosure. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the plaintiff's appeal. The plaintiff filed this medical malpractice action on December 21, 2006, alleging that the defendant, who served as the plaintiff's primary care physician from 1992 through October, 2005, deviated from the standard of care by failing to investigate properly and to diagnose the plaintiff's thyroid abnormality. The plaintiff alleges that, as a result of the defendant's negligence in failing to investigate her symptoms fully or to refer her to a specialist, she experienced a delay in diagnosis and resulting treatment for thyroid cancer.

On January 3, 2007, the defendant served the plaintiff interrogatories and requests for production that sought information concerning any expert testimony the plaintiff intended to produce at trial. On May 2, 2007, the plaintiff responded that no expert had yet been retained but that "[u]pon retention of an expert, this information will be provided to [the defendant]." After attending several status conferences, the parties agreed to a trial date of November 4, 2008.

On March 28, 2008, the defendant filed a motion to dismiss on the basis that the plaintiff had failed to set forth in a written opinion from a similar health care provider a causal link between the alleged deviation from the standard of care and the treatment that the plaintiff received from the defendant. The motion was

argued before the court, *Alvord, J.*, on June 23, 2008, and was denied.[1] On September 15, 2008, the plaintiff moved to continue the trial, which was opposed by the defendant. The court, *Agati, J.*, denied the plaintiff's motion. Thereafter, on September 18, 2008, the plaintiff disclosed her expert witness, Martin Surks, a physician, to testify that the defendant breached the standard of care owed to the plaintiff. The defendant objected to the plaintiff's disclosure and moved to preclude Surks' testimony on the ground that the disclosure was untimely and would be unduly prejudicial.

Because the defendant's objection was still pending and trial had been set to commence on November 4, 2008, the court postponed the trial and did not set a new trial date. On November 10, 2008, the court, *Alvord, J.*, heard argument on the defendant's motion to preclude. On November 12, 2008, the court issued four specific orders: "1. Court overrules Defendant's objection to disclosure of Dr. Surks, [the plaintiff's] [e]xpert. 2. Court orders Plaintiff make Dr. Surks available for deposition, said deposition to be completed by 12-31-08. Counsel to provide Court date(s) of said deposition. 3. Court orders Defendant to make Dr. Stern available for deposition completion by 1-15-09. 4. Court orders Defendant to disclose [his] [e]xperts by 3-15-09." On November 14, 2008, the plaintiff filed a motion for modification of the court's orders, requesting that the court reverse the deposition deadline dates so that the defendant would be deposed before Surks. On December 1, 2008, the motion was denied. Subsequently, after the plaintiff failed to produce Surks for deposition as required by the court's order, on January 2, 2009, the

[1] According to the plaintiff, neither party received notice of the court's decision. For that reason, the plaintiff filed a motion for reassignment of what she believed to be the undecided motion to dismiss, which was withdrawn when the plaintiff learned at a pretrial conference that the motion to dismiss had been denied.

defendant filed a second motion to preclude the testimony of Surks. On January 16, 2009, the plaintiff formally withdrew her disclosure of Surks as an expert witness.[2] On the same day, the defendant filed a motion for summary judgment, alleging that the plaintiff legally could not sustain her medical malpractice claim without an expert witness.[3] The plaintiff objected to the defendant's motion, arguing that expert testimony may not be necessary and, alternatively, that the pertinent inquiry was whether the plaintiff could produce an expert at trial "with appropriate and necessary discovery . . . ." On March 16, 2009, the court, *Brunetti, J.*, heard argument on the defendant's motion for summary judgment.

On April 2, 2009, the court granted the defendant's motion for summary judgment and, in a memorandum of decision filed on April 6, 2009, rejected the plaintiff's two proffered reasons for her lack of an expert: "In support of his motion for summary judgment, the defendant argues that the plaintiff has failed to present any expert evidence establishing that he deviated from the standard of care in treatment of the plaintiff. In response, the plaintiff argues that expert testimony may not be necessary in the instant action, as an expert witness is unnecessary in cases involving gross negligence. In support of this assertion, she has presented the court with an affidavit detailing the defendant's lack of record keeping in relation to the amount of times she visited with him. In the alternative, she argues that

[2] The court never ruled on the defendant's second motion to preclude the plaintiff's expert because Surks had been withdrawn as an expert witness.

[3] "To prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury. Generally, expert testimony is required to establish both the standard of care to which the defendant is held and the breach of that standard." (Internal quotation marks omitted.) *Vitone* v. *Waterbury Hospital*, 88 Conn. App. 347, 351 n.5, 869 A.2d 672 (2005).

she was precluded from obtaining an expert because of an improper scheduling order set in place by Judge Alvord on November 12, 2008. She argues that she had an expert but because of the scheduling order in place, it would have been prejudicial to have her expert deposed prior to the defendant being deposed, so she withdrew her expert."

The court concluded that expert testimony was necessary to prove the plaintiff's case: "In the present case, the procedures and the risk factors related to the diagnosis and treatment of stage IV-A papillary thyroid cancer does not fall within the common knowledge of laypersons. The record keeping of the defendant and his alleged failed diagnosis of cancer is not the equivalency of leaving a surgical instrument in a patient. It is not so obvious or common in everyday life, nor is it so grossly negligent as to be clear even to a layperson. The plaintiff needs expert testimony to establish her claim of medical negligence and has not done so."

The court then set forth its basis for the entry of summary judgment in favor of the defendant: "Summary judgment is appropriate for the defense if expert testimony regarding any of the required elements of a medical malpractice action is lacking. '[The Appellate Court] has approved the grant of a summary judgment in a medical malpractice case when . . . it is evident that the plaintiff will be unable to produce at trial an expert witness to testify regarding [one of the required elements].' *Sullivan* v. *Yale-New Haven Hospital, Inc.*, 64 Conn. App. 750, 766, 785 A.2d 588 (2001)." The plaintiff, thereafter, filed a motion for reargument, which was denied by the court. This appeal followed.

Before turning to the plaintiff's claims, we first set forth our well settled standard of review. "Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary.

. . . Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . .

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard." (Internal quotation marks omitted.) *Shukis* v. *Board of Education*, 122 Conn. App. 555, 564, 1 A.3d 137 (2010).

The plaintiff obtained a continuance of the long scheduled November 4, 2008 trial date after her late disclosure of her expert witness. In choosing not to preclude the plaintiff's expert witness on November 12, 2008, the court specifically required that Surks be deposed prior to the defendant. The court went on to deny the plaintiff's motion for modification of that order. Because the plaintiff disagreed with the sequence of depositions set forth in the scheduling order, she deliberately refused to comply with that order and eventually withdrew her only expert on the standard of care and liability. The plaintiff does not deny her failure to comply with the court's order. As is plainly stated in her appellate brief, the "[p]laintiff withdrew her disclosure of . . . Surks to prevent his deposition prior to the deposition of the [d]efendant. Had [the] [p]laintiff not done so, she would have found herself in the same

situation as the plaintiff in *Sullivan* v. *Yale-New Haven Hospital, Inc.*, [supra] 64 Conn. App. 750 . . . ."[4]

The plaintiff admitted that she intentionally had refused to comply with the court's order to the point where she withdrew her expert. A party is bound to obey a court order despite the party's belief that it is erroneous. "The collateral bar rule, initially applied in the context of a contempt proceeding, holds that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed . . . and that there is no privilege to disobey a court's order because the alleged [subject] believes that it is invalid. . . . The collateral bar rule has been extended to apply to situations in which . . . the defendant seeks to attack the validity of a court order in a criminal proceeding, and the rule is justified on the ground that it advances important societal interests in an orderly system of government, respect for the judicial process and the rule of law, and the preservation of civil order. [A]n order issued by a court of competent jurisdiction must be obeyed by the parties until it is reversed by orderly and proper proceedings. . . . [A] party has the duty to obey a court order however erroneous [the party may perceive] the action of the court [to] be . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Winter*, 117 Conn. App. 493, 501, 979 A.2d 608 (2009), cert. denied, 295 Conn. 922, 991 A.2d 569 (2010).

Here, the plaintiff's disregard of the court's discovery order was deliberate and left the court with no expectation that she ever intended to disclose a new expert witness. The plaintiff did not move for an extension of time to disclose another expert after she withdrew her

---

[4] Because the claim that a plaintiff's expert must be deposed prior to a defendant is not properly before this court, we do not review that claim, nor do we review the applicability of *Sullivan*.

disclosure of Surks as an expert witness and before the court's rendering of summary judgment in favor of the defendant. At the hearing on the summary judgment motion, the plaintiff's attorney was quite clear as to why the plaintiff withdrew Surks as an expert witness: "Simply stated, Your Honor, the sequencing of depositions placed the plaintiff at extreme prejudice, and the choice that was afforded us was either produce . . . Surks and have him deposed under circumstances where he could not offer a definitive opinion, or withdraw his designation as an expert witness." The plaintiff went on to argue that "once a disclosure is made, it is not carved in stone [nor does it] remain in the case permanently and forever." After the court specifically pointed out that the plaintiff *still* had no expert, the plaintiff responded that she "didn't have an expert because that expert was exposed to deposition without having the benefit of the deposition of [the defendant]. . . . [I]n fact, the Connecticut Supreme Court has recognized changing the status of an expert as . . . an acceptable means of preserving the point for appeal, which is exactly what we were doing."

The plaintiff's assertions to the court made it clear that, barring a modification to the court's previous order regarding the sequence of depositions, which had already been denied, the plaintiff had no intention of disclosing any expert witness.[5] A thorough review of the record reveals that at no point, either during argument or through her written objection to the defendant's motion for summary judgment, did the plaintiff ever represent to the court that she intended to disclose a new expert witness absent a modification to the deposition scheduling order. The plaintiff had more than two

---

[5] In her objection to the defendant's motion for summary judgment, the plaintiff argued that the relevant inquiry was whether she would be able to produce expert testimony at trial. It is clear from a reading of her argument that she only intended to produce an expert witness if the court's deposition sequencing order was modified according to her wishes.

years from the filing of the action to obtain and to disclose an expert. We agree with the court that expert testimony was required in this case, and, through the plaintiff's representations to the court, upon which the court properly could rely, the court properly determined that the defendant was entitled to summary judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.